IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SALCEDO,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 25-cv-3311 |

## COMPLAINT

Plaintiff, Michael Salcedo ("Plaintiff"), by and through his attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against the Partnerships and Unincorporated Associations identified on Schedule A (collectively referred to as "Defendants") states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Nature of the Case

1. Plaintiff uses and is the owner of the federally registered copyrights: U.S. Registration Nos. PA0002382244 and VAu001541833. True and correct copies of the registration certificates for the above copyrights are attached as **Exhibit A**. (the "Alphabet Lore Copyrights").

2. This action has been filed to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from, Plaintiff's copyrighted subject matter, through unauthorized and infringing products (the "Unauthorized/Infringing Works").

3. This action has been filed to combat the online copyright infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable intellectual property including and Alphabet Lore Copyrights and to stop and prevent Defendants' selling of unauthorized

products that use, are based on, and/or are derived from, the Alphabet Lore Copyrights through the use, manufacture, offer to sell, and sale of unauthorized and infringing products (the "Unauthorized/Infringing Works").

4. Defendants use and operate fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases").

5. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized/Infringing Works to unknowing consumers.

6. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation such that Defendants infringement arise out of the same transaction, occurrence, or series of transactions or occurrences.

7. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operations.

8. Defendants further utilize images from Plaintiff's website in conjunction with the sale of products with the same or similar appearance as those sold by Plaintiffs, further causing confusion among customers.

9. Plaintiff is forced to file this action to combat Defendants' infringement counterfeiting of its Alphabet Lore Copyrights, as well as to protect unknowing consumers from purchasing Unauthorized/Infringing Works over the Internet.

---

[1] The e-commerce store URLs are listed on Schedule A under the Online Marketplaces.

10. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content and tarnishment of its valuable copyrights, as a result of Defendants' actions and seeks injunctive and monetary relief.

## The Parties

11. Michael Salcedo is an individual residing in Texas.

12. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

13. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations.

14. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

15. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A, attached hereto.

16. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network.

## Jurisdiction

17. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq and 28 U.S.C. § 1338.

18. This Court has personal jurisdiction over Defendants because Defendants transacted business relative to the claims made within the State of Illinois and within this District

and because Defendant purposefully availed itself of the benefits and privileges of conducting business activities within the State of Illinois and within this District.

19. More particularly, Defendants utilize online retail accounts to promote and offer to sell the Unauthorized/Infringing Works in Illinois and to Illinois residents, and provide for the shipment of the Unauthorized/Infringing Works to customers in Illinois.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are foreign defendants and are subject to this Court's personal jurisdiction as alleged above.

## Factual Background

*Plaintiff's Products Branded Under the Alphabet Lore Copyrights*

22. Alphabet Lore (also known as just Alphabet, Alphabet: The Series, and Alphabet Friends) is a series of animated shorts created by Michael Salcedo. It started with short animations featuring the letters of the alphabet reimagined as characters but quickly developed into an ongoing storyline.

23. The first series was huge success, and the second series is now reaching its peak and has introduced numerical characters in addition to the alphabetical characters.

24. Since then, Plaintiff has marketed, advertised, sold, and offered for sale various goods under the Alphabet Lore Copyrights.

25. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Alphabet Lore Copyrights to the public.

26. Plaintiff markets and sells a variety of products that feature the Alphabet Lore Copyrights.

27. Whether Plaintiff manufacturers the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the Alphabet Lore Copyrights are reproduced to the highest quality standards.

28. Based on the Alphabet Lore Copyrights having been in continuous and substantially exclusive use, as well as being the subject of the expenditure of substantial resources in promoting and advertising, there is substantial and valuable goodwill associated with the Alphabet Lore products, and Plaintiff's customer services respecting its products.

29. Through its marketing, diligence, services and commitment to excellence, Plaintiff has established a celebrated and high-distinguished brand.

30. The portfolio of Alphabet Lore Copyrights is an extremely valuable asset of Plaintiff.

31. Plaintiff maintains authorized sellers of products that utilize the Alphabet Lore Copyrights for the United States. By only permitting authorized sellers to use and sell products featuring one or more of the Alphabet Lore Copyrights in the United States, Plaintiff is able to maintain controls over the seller's quality commitments, customer service requirements, and product handling. These restrictions are important and valuable to Plaintiff to ensure that customers of Alphabet Lore products not only receive genuine Alphabet Lore goods, but also enjoy the appropriate high level of service and customer care that is represented by the Alphabet Lore brand and its goodwill. It also ensures that Plaintiff is able to provide sufficient inventory to its authorized sellers so that the sellers are able to fulfill orders for the product, and not cancel orders.

32. Plaintiff has made substantial effort in protecting its interests in the Alphabet Lore Copyrights. Only Plaintiff and Plaintiff's licensees and/or individuals or businesses it expressly authorizes are entitled to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods utilizing or featuring the Alphabet Lore Copyrights.

33. Plaintiff has not licensed or authorized any Defendant to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods utilizing or featuring the Alphabet Lore Copyrights.

***Defendants' Wrongful Acts***

34. The success of the Alphabet Lore brand has resulted in its significant counterfeiting and infringement.

35. Plaintiff actively works with a brand protection program to investigate suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers.

36. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Unauthorized/Infringing Works to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in an increase in the shipment and importation of unauthorized products into the United States.

37. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to routinely use false or inaccurate names and addresses when registering with these e-commerce platforms.

38. Defendants have targeted sales to Illinois residents by setting up and operating e-

commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized/Infringing Works to residents of Illinois.

39. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include misleading images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

40. Plaintiff has not licensed or authorized Defendants to use of the Alphabet Lore Copyrights and none of the Defendants are authorized retailers of genuine Alphabet Lore products.

41. More specifically, Defendants are not authorized sellers of Alphabet Lore branded products in the Unites States. Defendants operate outside of Plaintiff's authorized seller network and are not subject to the same levels of control and requirements as Plaintiff's authorized sellers. Because of that, Plaintiff is not able to demand the same level of customer care and product handling that it can of its authorized sellers. As a consequence, customers purchasing from Defendants can have negative purchasing experiences which damages Plaintiff, its Alphabet Lore brand, and its goodwill.

42. Defendants know that they are not authorized dealers of Alphabet Lore products, and through the use of the Alphabet Lore Copyrights, Defendants intend to induce customers to purchase from them, rather than from authorized dealers thereby damaging Plaintiff including by

damaging Plaintiff's ability to maintain its authorized dealer network and the quality controls associated with it.

43. Many Defendants also deceive unknowing consumers by using the Alphabet Lore Copyrights without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Alphabet Lore products.

44. Many Defendants further package their products in packaging that appears identical or nearly identical to the product packaging used to sell genuine products under the Alphabet Lore Copyrights. The false packaging is further efforts to confuse customers that believe they have purchased genuine products and is intended by Defendants to try and pass off the infringing products while evading detection.

45. Defendants routinely sell their infringing products at price points that are well below the value of genuine Alphabet Lore products. The reduced prices, packaging and product images, and use of the Alphabet Lore Copyrights are used by Defendants to trick customers into purchasing an infringing and inferior product and lead customers to undervalue the genuine goods, leading to customer generate and harbor negative impressions of Plaintiff and damage Plaintiff's good will.

46. Plaintiff extensively researches the market and identifies those entities, such as Defendants, that are not approved vendors of genuine Alphabet Lore products.

47. Defendants are not approved vendors.

48. Defendants' sales of products at below-value prices further establish Defendants' products are infringing and counterfeit.

49. Other e-commerce stores operating under Seller Aliases omit using the Alphabet Lore brand in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Alphabet Lore products.

50. E-commerce store operators, like Defendants, commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

51. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized/Infringing Works. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators, like Defendants, to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

52. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized/Infringing Works for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the

Unauthorized/Infringing Works were manufactured by and come from a common source and that Defendants are interrelated.

53. On information and belief E-commerce store operators like Defendants are in regular communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

54. Counterfeiters, such as Defendants, typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators, like Defendants, maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, it has been reported that financial transaction logs from previous cases involving claims similar to the present claims indicate that off-shore counterfeiters regularly movefunds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

55. On information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized/Infringing Works in the same transaction, occurrence, or series of transactions or occurrences.

56. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully used and continue to use the Alphabet Lore Copyrights in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized/Infringing Works into the United States and Illinois over the Internet.

57. Defendants' unauthorized use of the Alphabet Lore Copyrights in connection with the advertising, distribution, offering for sale, and sale of Unauthorized/Infringing Works,

including the sale of Unauthorized/Infringing Works into the United States, including Illinois, is likely to cause and has caused harm, loss of goodwill, confusion, mistake, and deception by and among consumers.

58. Defendants' wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to Plaintiff unless permanently enjoined, for which Plaintiff has no adequate remedy at law.

59. Defendants are profiting and will continue to profit from their unlawful actions.

60. Defendants' unlawful actions are causing and will continue to cause Plaintiff monetary damages in an amount presently unknown, but to be determined at trial.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)

61. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

62. Plaintiff's Alphabet Lore Copyrights constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, et seq.

63. Plaintiff is the owner of the Alphabet Lore Copyrights. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Alphabet Lore Copyrights. Plaintiff's Alphabet Lore Copyrights are protected by the registrations attached hereto as Exhibit B, which were duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been, and still is, the owner of all rights, title, and interest in Plaintiff's Alphabet Lore Copyrights, which have never been assigned, licensed, or otherwise transferred to any Defendant.

64. Plaintiff's Alphabet Lore Copyrights, or products embodying them, are published and sold on the Internet and available to Defendants online. As such, Defendants had access to Plaintiff's Alphabet Lore Copyrights via the Internet.

65. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating Plaintiff's Alphabet Lore Copyrights on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized/Infringing Works. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff's Alphabet Lore Copyrights. Such conduct infringes and continues to infringe Plaintiff's Alphabet Lore Copyrights in violation of at least 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

66. Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's Alphabet Lore Copyrights in the form of revenue and other profits that are driven by the sale of Unauthorized/Infringing Works.

67. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized/Infringing Works that capture the total concept and feel of Plaintiff's Alphabet Lore Copyrights.

68. On information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

69. The Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

70. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants Identified in Schedule A as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  a. using the Alphabet Lore Copyrights or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Alphabet Lore product or is not authorized by Plaintiff to be sold in connection with the Alphabet Lore Copyrights;

  b. using the Alphabet Lore Copyrights or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' products are approved by Plaintiff;

  c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Alphabet Lore product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Alphabet Lore Copyrights;

  d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized/Infringing Works are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for

     Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights including the Alphabet Lore Copyrights, or any reproductions, counterfeit copies or colorable imitations thereof;

  f. disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendants' Unauthorized/Infringing Works, without Court direction; and

  g. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs;

 2. Enter an Order, upon Plaintiff's request, those with notice of the injunction, including without limitation, any online marketplace platforms such as eBay, AliExpress, Wish.com, Amazon, and Walmart (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and Unauthorized/Infringing Works bearing the Alphabet Lore Copyrights;

 3. Enter an Order that Defendants and any and all persons controlled by or acting in concert with Defendants to be required to deliver up to Plaintiff for destruction all goods, works, packages, and any other written or printed materials (including electronic files) that bear or depict the Alphabet Lore Copyrights, or any reproduction, counterfeit, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same;

 4. For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

5. That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

6. Find that this is an exceptional case and award Plaintiff the attorneys' fees, costs, and disbursements, with interest, expended in connection with any actions taken to investigate and confirm the claims made herein pursuant to 17 U.S.C. § 505 or otherwise by law;

7. Award Plaintiff pre-judgment and post-judgment interest on each and every monetary award; and

8. Award any and all other relief that this Court deems just and proper.

Dated: March 27, 2025                                    Respectfully submitted,

/s/ *Sofia Quezada Hastings*
Sofia Quezada Hastings

***One of the Attorneys for Plaintiff, Michael Salcedo***

Matthew De Preter
Sofia Quezada
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139
cdepreter@agdglaw.com
shastings@agdglaw.com
4895-4840-9487, v. 1